**Shawna CARR, Appellant,**

v.

**LAKE VILLAGE POLICE DEPARTMENT; Percy Wilburn, Individually and in his Official Capacity as Chief of Police for the City of Lake Village; Jacqueline Brown, Sergeant, Individually and in her Official Capacity as an Employee of the City of Lake Village Police Department; City of Lake Village; Joanne Bush, Mayor, Individually and in her Official Capacity as Mayor of the City of Lake Village, Arkansas (originally sued as Jo Ann Bush), Appellees.**

No. 05–1244.

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 10, 2005.

Decided: Nov. 7, 2005.

Christopher C. Mercer, Jr., Lori A. Mosby, Little Rock, AR, for Appellant.

Nga Ostoja–Starzewski, Arkansas Municipal League, North Little Rock, AR,

Matthew Keith Wren, Hart & Wren, Little Rock, AR, for Appellees.

Before ARNOLD, BOWMAN, and MURPHY, Circuit Judges.

**PER CURIAM.**

Shawna Carr appeals from the summary judgment that the district court [1] entered against her in her action under 42 U.S.C. § 1983. Ms. Carr had claimed that the defendants had violated her right to the equal protection of the law and had deprived her of her property without the due process of law, all as guaranteed by the fourteenth amendment. The district court ruled that although the defendant police officers acted under color of law when they seized Ms. Carr's automobile, they were nevertheless not liable because Ms. Carr had a post-deprivation remedy for any loss of property, *see Parratt v. Taylor,* 451 U.S. 527, 541–43, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), and because there was no evidence that in seizing the car the defendants failed to treat similarly-situated people alike, *see Klinger v. Department of Corrections,* 31 F.3d 727, 731 (8th Cir.1994), *cert. denied,* 513 U.S. 1185, 115 S.Ct. 1177, 130 L.Ed.2d 1130 (1995).

We agree with the district court's conclusions and, having nothing to add to its well-reasoned opinion, we affirm the judgment.